IN THE CIRCUIT COURT OF THE
SEVENTH JUDICIAL CIRCUIT IN AND
FOR VOLUSIA COUNTY, FLORIDA

CASE NO.:_____

2012 31828 CIC
32

6-12- CIV-1162-OrL-22GJC

**DARYL MINGO,**
Plaintiff,

-Vs.-

**CITY OF DAYTONA BEACH,**
Defendant.

## CIVIL RIGHTS/TORT COMPLAINT

Pro śe Plaintiff, Daryl Mingo, sues Defendant City of Daytona Beach, for the violation of Plaintiff's constitutional rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, and Article I, §§3 and 9, Florida Constitution, and the torts of false imprisonment, assault, and battery by and through the actions of the Daytona Beach Police Department, requests a jury trial, and alleges:

### JURISDICTION

This Court is vested with subject matter jurisdiction where the amount in controversy exceeds $15,000.00 §26.012(2)(a), *Florida Statutes,* Art. V. §20(c)(3), *Florida Constitution*.

### PARTIES

**Plaintiff** – Daryl Mingo, South Bay Correctional Facility, P.O. Box 7171, South Bay, Florida 33493.

**Defendant** – City of Daytona Beach, Mr. William Navarra, employer of Police Chief Mike Chitwood, and police officers of the Daytona Beach Police Department.

## NOTICE OF INTENT TO SUE EXHAUSTION

Notice of intent to sue, as required by §768.28, *Florida Statutes*, was served certified return receipt U.S. mail on/or about November 4, 2010 on the following:

1. The City of Daytona Beach
   Mr. William Navarra
   310 Ridgewood Ave.
   Daytona Beach, Florida 32114

2. Department of Financial Services
   Insurance Commissioner
   The Capitol
   Tallahassee, Florida 32301

3. Robert Brown, Esq.
   City Attorney for the City of Daytona Beach
   P.O. Box 2451
   Daytona Beach, Florida 32115

4. Daytona Beach Police Department
   Mike Chitwood, Chief of Police
   129 Valer Blvd.
   Daytona Beach, Florida 32114

## STATEMENT OF FACTS

1. All events depicted herein occurred on June 29, 2010, commencing at approximately 9:30 A.M., within the territorial boundaries of the City of Daytona Beach, Volusia County, Florida.

2. At all relevant times herein Plaintiff, Daryl Mingo, resided at 119 N. Lanvale Ave., Daytona Beach, Florida ("Plaintiff's Residence").

3. At that place and time Plaintiff; Edmond D. Williams; Brian Bell; and four children, were all inside Plaintiff's residence.

4. At that same time numerous Daytona Beach Police Officers ("Police") were involved in a high speed pursuit of an automobile.

5. The vehicle involved in the aforesaid high speed pursuit would have had an extremely hot engine, exhaust, and hood.

6. Plaintiff's vehicle, a Buick La Sabre, was parked in the front yard of Plaintiff's residence, and had not been driven in many hours.

7. Because Plaintiff's vehicle had not been driven the engine, exhaust, and hood were cold.

8. The Police assumed that Plaintiff's vehicle was involved in the aforesaid high speed pursuit, and smashed the windows of Plaintiff's vehicle.

9. The Police failed to investigate whether the engine, exhaust, and hood of Plaintiff's vehicle were hot, or even warm, which would have indicated whether, or not, Plaintiff's vehicle had been the vehicle involved in the aforesaid high speed pursuit.

10. Police are required by law to have the knowledge, special training, and practical experience to perform reasonable investigation into all relevant circumstances to make a proper determination as to whether there is probable cause to pursue and false imprison a subject especially when a dispatch during the high speed pursuit should have revealed the license plate and registration identity of the person operating high speed vehicle.

11. When the Police smashed the windows of Plaintiff's vehicle, Plaintiff exited his residence which at that time was surrounded with Police who had their firearms drawn.

12. When Plaintiff exited his residence the Police knocked him to the ground, threatened to shoot him, and punching and kicking him (assault and batter), while false imprisoning him.

13. The Police insisted that Plaintiff divulge to the Police the whereabouts of "the other guy."

14. Plaintiff informed the police that he did not know who "the other guy" was, which precipitated further punching and kicking from Police.

15. The force used on Plaintiff, by the Police was not justified or justifiable.

16. Daytona Beach Police Chief, Mike Chitwood, silently observed his Police officers detain false imprisonment, assault, and battery on Plaintiff without intervention.

17. Plaintiff was handcuffed behind his back, picked up by his arms, and roughly thrown into a Police car.

18. The police's failure to perform the required cursory investigation before acting constitutes wanton disregard of Plaintiff's rights.

19. Plaintiff received injuries from the assault and battery, which Plaintiff received from the Police, and as a result was treated for these injuries at Halifax Hospital in Daytona Beach, Florida.

20. Plaintiff's injuries treated at Halifax Hospital consisted of contusions, cuts, and bruises.

21. Plaintiff incurred doctor and hospital bills for the aforementioned rendered treatment.

22. The other occupants of Plaintiff's residence, Edmond D. Williams; Brian Bell; and four children, were forced to exit the residence at gun point.

23. The Daytona Beach Police Department did not have legal, just, or probable cause to false imprison, assault, or batter Plaintiff.

24. The police acted with the intent of imposing confinement, and Plaintiff's false imprisonment was against his will.

25. All persons at Plaintiff's residence were terrorized during the aforesaid incidents.

26. Plaintiff was released from Police custody with a apology that he was misidentified.

27.  Clara Metz, channel two (2) news, reported Plaintiff's false imprisonment causing Plaintiff to be labeled as an armed and dangerous criminal shunned by the community.

28.  As a result of the news report on Plaintiff's aforesaid false imprisonment, Plaintiff was unable to obtain gainful employment.

29.  As a result of the news report on Plaintiff's aforesaid false imprisonment, Plaintiff was unable to continue his college courses.

## CAUSE OF ACTION

30.  As a result of the inaction of Daytona Beach Police Officer's failure to perform the required investigation to establish probable cause, as stated in ¶ 9, Plaintiff was falsely imprisoned without a warrant and against his will.

31.  Plaintiff's false imprisonment violated Plaintiff's constitutional right to remain at liberty without due process of law as guaranteed by Art. I, §§3 and 9, *Florida Constitution*, and the Fifth, Sixth, and Fourteenth Amendments to the *United States Constitution*.

32.  The actions of Daytona Beach Police Officers, are the torts of false imprisonment, assault and battery.

33.  The acquiesce of the Daytona Beach Police Chief described in ¶ 16, while having lawful authority to prevent the assault, battery, false imprisonment contributed to the torts of assault, battery, and false imprisonment.

34.  As a result of the action of Daytona Beach Police Officers stated in ¶¶ 12, 14, 16, and 17 Plaintiff incurred medical expenses for which Daytona Beach Police Officers are responsible.

## RELIEF

**WHEREFORE,** Plaintiff requests the following relief:

A)  A jury trial;

B)  Compensatory damages for the infringement of Plaintiff's constitutional rights, and the torts of false imprisonment, assault and battery, and for the costs of medical expenses incurred;

C)  Punitive damages for the wanton and intentional violation of Plaintiff's constitutional rights, and the torts of false imprisonment, assault and battery;

D)  Nominal damages; and

E)  Any further equitable relief deemed equitable.

**I DECLARE UNDER THE PENALTY OF PERJURY** that I have read the foregoing Complaint and the facts stated therein are true, correct, and complete.

**EXECUTED** this _____26_____ day of June, 2012.

/s/ _____
Daryl Mingo
South Bay Corr. Facility
P.O. Box 7171
South Bay, Fl. 33493